IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CV-16-D

LARRY WHITE,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**ORDER**

Larry White ("claimant" or "plaintiff") appeals the final decision by defendant Michael J. Astrue, the Commissioner of Social Security ("Commissioner"), denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income payments (collectively "benefits"). Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules plaintiff's objections to the M&R, adopts the M&R, and affirms the final decision of the Commissioner.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1)). Absent a timely objection, "a district court need not

conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

In conducting its review of the objection to the M&R, the court applies the same legal standard that Judge Webb discussed in the M&R. See M&R 2-3. Specifically, a court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. §§ 405(g) & 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On January 26, 2005, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. §§ 404.1520 & 416.920. Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not, whether he can perform other work in light of his age, education, work experience, and RFC. See id.; M&R 3-4. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. R. at 19. Next, the ALJ found that plaintiff had the severe

2

impairments of "left ankle fracture, s/p open reduction internal fixation and mild mental retardation." Id. At step three, the ALJ found that plaintiff "reached maximum medical improvement" from his left ankle fracture following surgery and could "ambulate effectively." Id. at 20. Regarding plaintiff's adaptive functioning, the ALJ found that

> [w]hile the evidence further reflects valid IQ scores within the mild mental retardation range, there are no indications of significant deficits in adaptative functioning manifesting before age 22 as set forth in section 12.05C of the listings. He graduated from high school and had special education classes for reading and mathematics from grades 10 through 12. Moreover, he passed an oral examination and has a valid driver's license. In addition, he is able to shop for himself and prepare small meals. There is no evidence to support inability to communicate, ask questions or request assistance. . . .

Id. The ALJ, therefore, determined that plaintiff did not have an impairment that met or medically equaled the criteria of a listed impairment. Id.

At step four, the ALJ found that plaintiff retained the RFC to perform medium work, including his past work as a machine operator. Id. at 22. Accordingly, the ALJ concluded that plaintiff was not disabled. Id.

On March 17, 2006, the Appeals Council denied plaintiff's appeal, making the ALJ's decision the final decision of the Commissioner. See id. at 9. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

III.

Plaintiff makes two objections to the M&R. Plaintiff argues that the M&R erroneously upholds the ALJ's decision at step three that plaintiff does not suffer deficits in adaptive functioning that meet or equal the criteria in listing 12.05C. Additionally, plaintiff objects to the M&R's analysis that the ALJ's decision at step four regarding plaintiff's RFC was supported by substantial evidence.

3

A.

Plaintiff contends that the ALJ erred at step three when he failed to find him disabled under listing 12.05C. Plaintiff bears the burden of demonstrating that his impairments meet or equal a listed impairment. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifesting during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.05. To satisfy this listing, a claimant must satisfy this definition as well as one of four sets of criteria (paragraphs A through D). See id., § 12.00. Listing 12.05C relates to mild mental retardation and requires a "valid verbal, performance or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." Id., §12.05C.

The ALJ found – and the Commissioner does not dispute – that plaintiff's I.Q. scores fall within the range of listing 12.05C. R. at 20; see Comm'r Mem. in Supp. of Mot. for J. on Pleadings 20. The Commissioner argues that, under listing 12.05C, plaintiff did not meet his burden of showing an additional and significant work-related limitation of function. See Comm'r Mem. in Supp. of Mot. for J. on Pleadings 22-23. However, the ALJ did not make this finding and the court will not affirm the ALJ's decision based on the Commissioner's post hoc rationale. See Combs v. Weinberger, 501 F.2d 1361, 1363 n.2 (4th Cir. 1974) (per curiam). Instead, the court reviews for substantial evidence the ALJ's finding that plaintiff did not demonstrate "significant deficits in adaptative functioning manifesting before age 22" as required by the definition in listing 12.05. See R. at 20.

Plaintiff argues that "the ALJ failed to address certain material evidence and did not offer sufficient rationale for his preference for the vague opinions of the non-treating, non-examining

4

physicians over the well documented reports of a psychologist who examined Mr. White on two separate occasions." Obj. to M&R 3. Plaintiff's attorney arranged for plaintiff to be evaluated by Edward English, a consulting psychologist. R. 331-33. Mr. English diagnosed plaintiff with mild mental retardation. Id. at 331-33, 393-96. Mr. English measured plaintiff's verbal, performance, and full scale I.Q. within the 60-70 scale for mental retardation. Id. at 332, 394-95. He placed plaintiff's reading skills at the first-grade level, spelling skills at a fourth-grade level, and arithmetic skills at a fifth-grade level. Id. at 332. Mr. English noted that plaintiff could drive a car and manage his finances. Id. at 333.

Contrary to plaintiff's assertion, the ALJ did not perfunctorily favor the opinions of non-examining physicians over Mr. English's findings. Rather, the ALJ credited the results of the I.Q. tests that Mr. English administered and cited specific reasons for finding no significant deficits in plaintiff's adaptive functioning prior to the age of 22. Id. at 20-22. Plaintiff argues that the reasons that the ALJ cited "are not valid and are contradicted by evidence of record." Obj. to M&R 5. However, plaintiff's pattern of daily activity – including managing his finances, shopping and cooking for himself, and driving – indicates a level of adaptive functioning that does not prevent him from working. See, e.g., Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Regarding the non-examining physicians, the ALJ gave "significant weight" to their finding that plaintiff could "understand, remember, and carry out simple instructions and perform medium exertion." R. at 22. Nothing in the record suggests the ALJ gave this finding, which is consistent with evidence in the record, any undue weight or influence. As the M&R explains, the factors that the ALJ relied upon are supported by substantial evidence in the record. M&R 12-13.

Further, the opinion of Mr. English, who examined plaintiff twice in connection with this claim and litigation, is not controlling. See 20 C.F.R. § 416.902 (psychologist not a treating source entitled to controlling weight if the relationship "is not based on [the claimant's] need for treatment

5

or evaluation, but solely on [the claimant's] need to obtain a report in support of [the claim] for disability). Moreover, Mr. English's opinion does not establish that, even if plaintiff currently meets the requirements of listing 12.05C, he manifested deficits in adaptive functioning before the age of 22. See, e.g., Justice v. Barnhart, 431 F. Supp. 2d 617, 619 (W.D. Va. 2006). Likewise, plaintiff's I.Q. scores do not prove deficits in adaptive functioning prior to age 22. See id. at 619-20 (citing Luckey v. U.S. Dep't of Health and Human Servs., 890 F.2d 666, 668 (4th Cir. 1989)).

The crux of plaintiff's argument is that the ALJ did not sufficiently explain his "preference" for certain evidence showing adaptive functioning over other evidence to the contrary. However, where, as here, substantial evidence supports the ALJ's findings, the court will not reweigh the evidence or supplant the ALJ's judgment. See Craig, 76 F.3d at 589. Accordingly, plaintiff's objection to the ALJ's determination concerning listing 12.05C is overruled.

B.

Plaintiff also objects to the M&R's finding that substantial evidence supports the ALJ's decision that plaintiff retained the RFC to perform medium work, including his past work as a machine operator. Plaintiff argues that "the ALJ failed to assess the medical evidence correctly, failed to providing adequate explanation for his findings and failed to follow Social Security law and policy." Obj. to M&R 10; see Pl.'s Mem. in Supp. of Mot. for J. on Pleadings 22-23. However, the ALJ reasonably examined the medical evidence from consulting and treating sources, as well as plaintiff's own testimony and concluded that plaintiff could perform medium, "unskilled work requiring the ability to understand, remember and carry out simple instructions, and interact appropriately within the work environment." R. at 22; M&R 14. In light of the record, substantial evidence supports the ALJ's finding regarding plaintiff's RFC. The court will not reweigh the evidence. See Craig, 76 F.3d at 589. Accordingly, plaintiff's objection to the ALJ's RFC finding is overruled.

IV.

As stated, plaintiff's objection to the M&R is OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This the 14 day of August 2007.

JAMES C. DEVER III
United States District Judge